Argued and submitted September 29, reversed and remanded October 28, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DEBBIE LYNN PEWONKA,
*Defendant-Appellant.*

## Washington County Circuit Court
C071620CR; A137268

219 P3d 606

Rebecca A. Duncan, Assistant Chief Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Jeremy C. Rice, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Deits, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for possession of methamphetamine. ORS 475.894. On appeal, she assigns error to the trial court's denial of her motion to suppress evidence. She asserts that the evidence was obtained as the result of an unlawful extension of a traffic stop. We agree and, therefore, reverse and remand.

The facts in this case are undisputed. Defendant's husband was stopped by a police officer for a traffic violation and, in response to a telephone call from her husband, defendant came to the scene of the traffic stop. The officer asked defendant if she had insurance, took her driver's license to conduct a records check, and ascertained that her license was suspended. After questioning her about the suspension, the officer began to ask defendant about methamphetamine use. The officer also asked her whether she had weapons or contraband with her and requested consent to search her person and car. The searches of those areas were not fruitful and, after they were completed, the officer requested and obtained defendant's consent to search her purse as well. He found methamphetamine inside her purse. Defendant moved to suppress that evidence, and the trial court denied the motion.

In *State v. Kirkeby*, we explained that:

"a police officer's questioning of a person unrelated to the initial, legal stop can result in an unlawful restraint of the person's liberty in violation of Article I, section 9, in two situations: (1) when an officer concludes the lawful stop and then reinitiates a second stop by questioning the person about unrelated matters without reasonable suspicion; and (2) 'when the officer, without letting the person know expressly or by implication that he or she is free to leave, detains the person beyond the time reasonably required to investigate the traffic infraction and issue a citation.'"

220 Or App 177, 184, 185 P3d 510, *rev allowed*, 345 Or 301 (2008) (quoting *State v. Rodgers*, 219 Or App 366, 371, 182 P3d 209, *rev allowed*, 345 Or 301 (2008)). Under our holdings in *Kirkeby* and *Rodgers*, the officer unlawfully extended the stop when he questioned defendant about matters unrelated to her suspended driver's license.

■      The state, nonetheless, asserts that, pursuant to *State v. Hall*, 339 Or 7, 25, 115 P3d 908 (2005), defendant was required to establish a factual nexus between the police illegality and her consent to the search. In its view, the necessary nexus was not established because defendant came to the scene of the traffic stop voluntarily. We are unpersuaded by the state's argument. Based on the close temporal proximity between the illegal detention of defendant and her consent, we conclude that defendant has met her burden to show a "minimal factual nexus" between the disputed evidence and the unlawful police conduct. *Rodgers*, 219 Or App at 374.

In light of the foregoing, we conclude that the trial court erred in denying defendant's motion to suppress.

Reversed and remanded.