Argued and submitted May 28, affirmed September 1, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KEVIN THOMAS GANT,
*Defendant-Appellant.*

Lincoln County Circuit Court
072978; A140278

239 P3d 269

Eric Johansen, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Christina Hutchins, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for one count of unlawful possession of methamphetamine. ORS 475.894. He assigns error to the denial of his motion to suppress evidence obtained during what he contends was an unlawful extension of a stop. We affirm.

The relevant facts are undisputed. Defendant was riding a bike through a residential neighborhood one evening at approximately 10:00 p.m. Deputy Sorby observed that defendant was riding without a light, which, because it was after dark, was a traffic violation. Shortly after making that observation, Sorby saw defendant make an abrupt turn into the front yard of a residence. Sorby drove his squad car down the road past the residence and then turned the car around. When Sorby pulled up in front of the residence, defendant and the property owner were shouting and gesturing at one another. Sorby could hear the property owner yelling at defendant to get off of his property. There were several neighboring houses in close proximity to where the two men were arguing. Sorby called out to defendant, "Hey, can I talk to you for a second? What's going on?" Once defendant came over to the squad car, Sorby requested defendant's identification; Sorby then called in a records check on defendant.

While he was waiting for the results of the check, Sorby asked defendant if he had any weapons on his person. Defendant responded that he did not, but Sorby requested permission to conduct a patdown search for weapons. Defendant consented. The patdown led to the discovery of a methamphetamine pipe and a bindle of methamphetamine. On the basis of that evidence, defendant was charged with unlawful possession of methamphetamine.

Before trial, defendant moved to suppress the evidence, arguing that Sorby's request for defendant's consent to the patdown search was an unlawful extension of the investigatory stop. At the suppression hearing, Sorby testified that, when he called defendant over to his squad car, Sorby had reasonable suspicion that defendant was committing disorderly conduct or even criminal trespass. As part of his testimony about why he began questioning defendant about weapons, Sorby noted that, in his experience, people who

commit crimes at night are often armed with firearms or knives.

The trial court concluded that Sorby had lawfully stopped defendant—whether it be for the traffic violation, disorderly conduct, or criminal trespass. The court reasoned that, because Sorby's questioning about weapons and subsequent request for consent to a patdown search was relevant to the investigatory stop, the disputed evidence was lawfully obtained. Accordingly, the court denied defendant's motion to suppress. After a trial on stipulated facts, defendant was convicted as charged.

On appeal, defendant renews his contention that Sorby's request for consent to a patdown search for weapons was an unlawful extension of the stop. Defendant does not argue that the stop itself was unlawful. Indeed, defendant acknowledges that Sorby had reasonable suspicion to stop defendant for disorderly conduct. Defendant insists, however, that, when Sorby began questioning defendant about weapons, Sorby was "proceed[ing] down an unrelated path." In defendant's view, a verbal altercation, in the absence of any threats of physical violence, has nothing to do with weapons. Furthermore, defendant argues, because his consent to the search was the result of that unlawful police conduct, the disputed evidence should have been suppressed.

The state responds that the trial court correctly denied defendant's motion to suppress. In the state's view, Sorby's questioning about weapons was related to his investigation for disorderly conduct and, thus, was entirely permissible. In any event, the state argues that defendant failed to demonstrate the necessary causal connection between the alleged illegality and defendant's subsequent consent to the search to warrant suppression of the evidence.

A "stop" is a temporary restraint on a person's liberty for the purposes of a criminal investigation; to be lawful under Article I, section 9, of the Oregon Constitution it must be justified by reasonable suspicion of criminal activity. *State v. Rodgers/Kirkeby*, 347 Or 610, 621, 227 P3d 695, *rev dismissed*, 348 Or 71 (2010). Reasonable suspicion requires that a police officer subjectively believe that a person has committed a crime and that the belief be objectively reasonable in

light of the totality of the circumstances. *State v. Huggett*, 228 Or App 569, 575, 209 P3d 385 (2009) (citing ORS 131.605(5)).

■■ An officer unlawfully extends the scope of an otherwise lawful stop if the officer questions the person about matters unrelated to the basis for the stop without reasonable suspicion of further criminal activity. *State v. Pewonka*, 231 Or App 558, 559, 219 P3d 606 (2009), *rev den*, 348 Or 115 (2010) (holding that, when the defendant arrived at the scene of her husband's traffic stop and a police officer—after taking her driver's license to conduct a records check—ascertained that her license was suspended, the police officer's questioning her about drug use instead of the suspension unlawfully extended the stop). If a defendant consents to a search and that consent is the product of an unlawful extension of the stop, the evidence derived from that search must be suppressed. *See State v. Hall*, 339 Or 7, 36, 115 P3d 908 (2005).

■■ In this case, as we have noted, it is undisputed that Sorby had reasonable suspicion to stop defendant for disorderly conduct. *See* ORS 166.025(1) (providing that "[a] person commits the crime of disorderly conduct * * * with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [if] the person * * * [e]ngages in fighting or in violent, tumultuous or threatening behavior * * * [or] [m]akes unreasonable noise"). The only question, then, is whether Sorby unlawfully extended the stop when he requested defendant's consent to a patdown search for weapons.

We conclude that Sorby did not unlawfully extend the stop. Because defendant was engaged in a loud verbal altercation with a homeowner who was ordering defendant off of his property, Sorby's questioning about whether defendant had any weapons and the subsequent request for consent to a patdown search for weapons was a reasonable part of the investigation of disorderly conduct.

The trial court did not err in denying defendant's motion to suppress.

Affirmed.